IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| CINDY L. CLEMONS, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>Defendant. ) | No. 11cv82 EJM<br><br>ORDER |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability and supplemental security income benefits. The briefing schedule concluded March 12, 2012. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for payment of benefits.

On October 8, 2008, in No. 7cv125 Clemons v. Astrue, the court reversed a denial of plaintiff's application for benefits and remanded for further consideration in accordance therewith. Following the Commissioner's subsequent denial of her claim, plaintiff again seeks review. Claiming an onset date of August 3, 2003, plaintiff alleges disability pursuant to meeting the listing at 20 CFR Part 404, Subpt. P, App. 1, §12.05C for Mental Retardation, and asserts the Administrative Law Judge (ALJ) erred in failing to find that she meets that listing. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The listing at 20 CFR Pt. 404, Subpt. P, App. 1, §12.05C, requires a claimant satisfy the following:

> 12.05 Mental Retardation: Mental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the development period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity is met when the requirements in A, B , C, or D are satisfied. The "C" criteria is as follows: §12.05 C: A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function....

It is the court's view that plaintiff's verbal comprehension index score of 70 on the WIAS-IV (T. 1042) satisfies the listing's IQ requirement, the record establishes deficits in adaptive behavior initially manifested during the developmental period (T. 24, 50, 59, 84, 579, 605), and the requirement of a physical or other mental impairment imposing additional and significant work-related limitation of function is satisfied by the severe impairments as found by the ALJ (T. 795).

Upon the foregoing, the court finds that the ALJ's conclusion that plaintiff does not meet the "C" criteria of 20 CFR Part 404, Subpt. P, App. 1, §12.05 (T. 803) is not supported by substantial evidence on the record as a whole, and that plaintiff's condition meets the above referenced listing in accordance herewith. Accordingly, this matter shall be reversed and remanded for payment of those benefits to which plaintiff is entitled.

It is therefore

ORDERED

Reversed and remanded for payment of benefits.

August 13, 2012.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT